**Frederick ALONGI and Sherry L. Alongi, Appellants**

v.

**Alexa Michelle Scott MOSTELLER, Bronwyn Suzette Scott Walker and Erik Shawn Scott, Appellees.**

No. 10–10–00269–CV.

Court of Appeals of Texas, Waco.

Dec. 15, 2010.

James H. McCullough, Palmos Russ McCullough & Russ LLP, Hearne, TX, for Appellants.

W. Stephen Rodgers, Rodgers & Miller, J. Davis Watson, Watson Law Firm LLP, Bryan, TX, for Appellees.

Before Chief Justice GRAY, Justice REYNA, and Justice DAVIS.

## ABATEMENT ORDER

PER CURIAM.

This order is an effort by this Court, working with the trial court, under the current version of the rules of appellate procedure to ensure that the appellate record is timely filed. TEX.R.APP. P. 35.3(c). This order is also a departure from previous orders of this Court and is our effort to empower the trial court and parties with a procedure to obtain a timely record by establishing a more formal and certain process for early intervention upon the identification of potentially late filed records.

As stated above, the responsibility for assuring the record is timely filed is now the responsibility of the appellate court and the trial court, jointly. TEX.R.APP. P. 35.3(c). Previously, prior to the current rule, it was the responsibility of the litigants to ensure the timely filing of the record. TEX.R.APP. P. 53(k), amended eff. Sept. 1, 1997. This is not to say, however, litigants are prohibited from participating in the process. We believe the attorneys representing the parties play a valuable role in assisting the Courts by appearing at any hearing ordered and (1) making a record of the reason(s) the record has not been timely filed and (2) making a record of the actual or potential prejudice to the parties when a record is filed late.

## BACKGROUND

The reporter's record in this appeal was originally due on August 10, 2010. Two reporters, Judith Werlinger, the official court reporter for the 82nd District Court, and Susan Rainwater, were responsible for the preparation of this record. A late record notice was sent by the Clerk of this Court to Werlinger on August 20, 2010. In response to a telephone call on September 23, 2010 by a deputy clerk of this Court, Werlinger informed the Court by letter dated October 20, 2010 that no formal written request for a record had been made. However, Werlinger stated that she had spoken with appellants' counsel and that counsel was only interested in proceedings related to attorney's fees. Werlinger informed the Court that Susan Rainwater was the reporter for the January 11, 2010 hearing pertaining to attorney's fees. She also stated that counsel and Rainwater had had telephonic communications concerning the January 11, 2010 hearing and that counsel planned to request a transcription of the hearing. Werlinger noted that she gave counsel Rainwater's number and asked counsel to deal specifically with Rainwater.

The Court received a letter from counsel dated October 22, 2010 in which he confirmed that Rainwater was transcribing the January 11, 2010 hearing but that because she was leaving to go out of State, she could not complete the record until November 11, 2010. We have not yet received the record of the hearing. This is not the first time that this Court has had difficulties in receiving records from Susan Rainwater.

## ORDER

This appeal is ORDERED abated to the trial court, the 82nd District Court, the Honorable Robert Stem, presiding, to hold a hearing as soon as practicable but not

later than 28 days after the date of this Order to determine:

(1) why Susan Rainwater's portion of the reporter's record has not been filed; and

(2) a date certain by when Susan Rainwater's portion of the reporter's record can reasonably be transcribed into written form and filed in a manner that does not further delay the prosecution of this appeal or have the practical effect of depriving appellant of his right to appeal.

Counsel for the parties are ordered to assist the trial court in making its determinations through subpoena and questioning of Susan Rainwater and any other necessary witnesses. Susan Rainwater shall closely examine her professional and personal schedules and provide those schedules to the trial court in an effort to assist the trial court with a determination of a date certain that her portion of the reporter's record will be filed. The parties' counsel shall also make the trial court aware of any actual or potential prejudices to the parties by the lateness of this reporter's record.

The trial court must order Susan Rainwater to file the record by the date determined. Further, the trial court must inform Susan Rainwater of the consequences of failing to file the record by the date determined and ordered. Those consequences include:

(1) abating the proceeding again to the trial court for a contempt of court hearing;

(2) imposing a lump sum monetary fine;

(3) imposing a daily fine for each day the record is late beyond the date previously determined by the trial court; and

(4) confinement in jail until the record is completed.

The trial court shall require the hearing to be transcribed. To the extent necessary or pertinent to obtaining compliance with the rules regarding preparation of the reporter's record, the trial court must: (1) prepare findings of fact and conclusions of law addressing the above issues; (2) require the preparation of a supplemental clerk's record containing its findings of fact and conclusions of law and all orders it may issue as a result of its hearing in the matter; and (3) require the preparation of a reporter's record transcribing the evidence and arguments presented at the aforementioned hearing. Additionally, the trial court's findings and orders must be provided to the trial court clerk within 7 days from the date of the hearing.

The trial court clerk is ORDERED to provide a supplemental clerk's record, containing the written findings and orders of the trial court, to this Court within 14 days from the date of the hearing.

Further, the trial court's official reporter is ORDERED to provide a record of the hearing held to this Court within 14 days from the date of the hearing.